# 26-1448

UNITED STATES COURTS OF APPEALS
FOR THE SECOND CIRCUIT

---

MERCY WELLINGTON,

Plaintiff-Appellant,

v.

City Of New York, a municipal entity, New York City Police Department, L.T. Darryl E. Fontaine (Tax Id 937820), Police Officer Rawsan A. Jackson (Shield No. 26636), Police Officer Kyle M. Laguardia (Shield No. 6801), Police Officer Kelvin Villegasalmazo (Shield No. 7782, Perry Perlmutter, Individually and in their official capacity, President and CEO of Services For The Underserved (S:US), Angela Mortimer, Individually and in their official capacity, Program Director At Harmonia S:US, Lynn Gore, Individually and in their official capacity, Administrative Assistant At Harmonia S:Us, Rustam Mukhutdinov, Shield No. 11823,

Defendants-Appellees,

Eric Adams, Mayor of New York City, NYPD Commissioner Thomas G. Donlon, State of New York, Letitia James, Attorney General for New York State, New York City Human Resources Administration, Molly Park, Commissioner of Department of Social Services (DDS), Adolfo Carrion, Jr., Commissioner Of The New York City Housing Preservation and Development (HPD), Police Officer John Doe #1, Individually and in their official capacity (the name John Doe being fictitious, as their true names are presently unknown), Police Officer John Doe #2, Individually and in their official capacity (the name John Doe being fictitious, as their true names are presently unknown), Police Officer John Doe #3, Individually and in their official capacity (the name John Doe being fictitious, as their true names are presently unknown), Police Officer John Doe #4, Individually and in their official capacity (the name John Doe being fictitious, as their true names are presently unknown),

Defendants.

---

On Appeal from the United States District Court for the Southern District of New York

---

**Brief of Appellant Mercy Wellington**

Mercy Wellington, Plaintiff pro se
1223 FDR Drive, Apt. 3C, New York, NY 10009
Tel. (917) 361-9797

## TABLE OF CONTENTS

Page(s)


Table of Contents ....... i

Table of Authorities ....... ii

Statutes & Rules ....... ii

Statement of Subject Matter and Appellate Jurisdiction ....... 1

Statement of the Issues Presented for Review ....... 2

Statement of the Case ....... 3

Statement of the Facts ....... 5

Summary of the Argument ....... 7

Argument ....... 9

Conclusion ....... 15

Certificate of Compliance ....... 17

Certificate of Service ....... 18

# TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ........................................................2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556 (2007)............................5

Crawford v. City of New London, U.S. District Court for the District of Connecticut, Civil No. 3:11cv1371 (JBA) ............................................................11

Forman v. Davis, 371 U.S. 178, 182 (1962) .......................................................13

Lynch v. City of New York, 952 F.3d 67, 74 (2d Cir. 2020) ...............................9

Monell v. Department of Social Services, 436 U.S. 658, 690-694 (1978).........2&12

Weyant x. Okst, 198 F.3d 311 (2d Cir. 1999) ..........................................11

## STATUTES

28 U.S.C. § 1291 ..........................................................................1
28 U.S.C. § 1331 ..........................................................................1
28 U.S.C. § 1343 ..........................................................................1
28 U.S.C. § 1367 ..........................................................................1
28 U.S.C. § 1367(a) ......................................................................14
28 U.S.C. § 1367(c) ......................................................................14
42 U.S.C. § 1291 ..........................................................................1

## RULES

Fed. Rule Civ. P 12(b)(6).........................................................3
Fed. Rule Civ. P 15(a)(2).........................................................9

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

### A. Subject Matter Jurisdiction

The United States District Court for the Southern District of New York had subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This case arises under the Constitution and laws of the United States. Laws including the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Plaintiff alleges among other things the violations of her constitutional rights that arise from false arrest, excessive force, and municipal liability. The District Court also had supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

### B. Appellate Jurisdiction

The United States Court of Appeals for the Second Circuit has jurisdiction from the final decisions of the United States District Courts pursuant to 28 U.S.C. § 1291. Plaintiff appeals from the Decision and/or Judgment entered by the United States District Court for the Southern District of New York on April 30, 2026.

Plaintiff filed a Notice of Appeal on May 26, 2026. Accordingly, to the extent the challenged decision constitutes a final, appealable decision under to 28 U.S.C. § 1291. The Notice of Appeal was timely filed, with this Court having appellate jurisdiction to review the District Court's Decision and/or Judgment.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the District Court erred in dismissing Plaintiff's claim under to 42 U.S.C. § 1983 for false arrest. Plaintiff alleged that she was arrested for trespassing while residing at Harmonia (a shelter) after shelter staff/personnel provided false/misleading information to police officers that resulted in her arrest.

2. Whether the District Court erred in dismissing Plaintiff's Fourth Amendment rights claim for use of excessive force. Plaintiff alleged that the arresting officers applied excessively tight handcuffs and failed to respond adequately to her complaints regarding the tightness of the handcuffs.

3. Whether the District Court erred in dismissing Plaintiff's municipal liability claim against the City of New York under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff alleged that municipal policies, practices, customs, and failures in training/supervision contributed to the violation of her constitutional rights.

4. Whether the District Court erred in dismissing Plaintiff's related New York State law and New York City Administrative Code claims without adequately considering its supplemental jurisdiction under 28 U.S.C. § 1367.

5. Whether the District Court erred in dismissing Plaintiff's claims against the remaining Defendants based on pleading deficiencies, statute of limitations grounds, or any other legal grounds where the allegations in the Amended Complaint (considered under the applicable pleading standard) were sufficient to state plausible claims for relief.

6. Whether the District Court abused its discretion or committed legal error in denying Plaintiff's complaint.

## STATEMENT OF THE CASE

The Appeal arises from a civil rights action brought by Plaintiff pursuant to 42 U.S.C. § 1983 and other applicable federal, state, and local laws. Plaintiff alleged that constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution were violated in connection with her false arrest for allegedly trespassing while residing at Harmonia (a shelter). Plaintiff alleged that shelter staff/personnel provided false/misleading documents concerning her alleged trespassing which resulted in her false arrest. Plaintiff further alleged that during the arrest, the responding officers applied excessively tight handcuffs and failed to respond adequately to her complaints regarding the tightness of the restraints. Plaintiff asserted that the conduct of the involved individuals violated her constitutional rights and that the City of New York was liable under *Monell v. Department of Social Services*, 46 U.S. 658 (1978). Plaintiff's rights were violated based on the municipal policies, practices, customs, or failures in training/supervision alleged in her Amended Complaint. In addition to her federal rights claims, Plaintiff asserted related claims under New York State law and the New York City Administrative Code. Plaintiff sought relief for the alleged violations of her rights and the resulting injuries.

Plaintiff filed an Amended Complaint in the United States District Court for the Southern District of New York. Defendants subsequently moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state claims upon which relief could be granted and raising other grounds for dismissal. Plaintiff opposed the motion, maintaining that her allegations were sufficient to state plausible claims for relief. Plaintiff also requested leave to amend her Complaint if the Court determined that any additional allegations were necessary.

On April 30, 2026, the District Court issued its Decision dismissing the Amended Complaint and Plaintiff's case. Plaintiff challenges that Decision, contending that her allegations were sufficient to state claims for relief and that dismissal of the entire action was unwarranted under the applicable legal standards.

Plaintiff filed a Notice of Appeal on May 26, 2026, seeking review by the United States Court of Appeals for the Second Circuit. Through this appeal, Plaintiff requests the Court review the District Court's decision, reverse or vacate the dismissal of the claims properly before it, and remand the action for further proceedings consistent with the Court's ruling.

## STATEMENT OF THE FACTS

### I. Plaintiff's Residence in the Shelter

On or about August 15, 2023, giving rise to this matter, Plaintiff Mercy Wellington was residing in Harmonia (a shelter). Plaintiff alleges that she was authorized to reside at the shelter (along with her three children), and that her presence there was not unlawful. Plaintiff's claims arise from an incident in which she was accused of trespassing at Harmonia (a shelter) despite her status as a resident. Plaintiff alleges that shelter staff/personnel prepared/provided false or misleading internal documents concerning the alleged trespass, resulting in law enforcement involvement and her arrest.

### II. The False Arrest

Plaintiff alleges that New York City police officers arrested her for trespassing while she was a resident at Harmonia (a shelter). According to Plaintiff, the arrest was unsupported by probable cause because she was an authorized shelter resident. Plaintiff further alleges that shelter staff/personnel falsified/mispresented information concerning the incident and that information contributed to the arrest. Plaintiff contends that the conduct of the individuals involved deprived her of her constitutional right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution.

Plaintiff alleges that police officers detained against her will and subjected to fingerprinting and processing. The arrest and detainment were not privileged, as they were not supported by probable cause. Upon Plaintiff's release, Defendants issued Plaintiff a NYCHA trespass summons that was improper (unsupported by probable cause) and legally deficient. The summons was subsequently dismissed by the court, further demonstrating that there was no lawful basis for

Plaintiff's arrest, detainment, or prosecution. Furthermore, the District Attorney declined to prosecute, indicating the absence of probable cause.

### III. The Use of Excessive Force

Plaintiff also asserted an excessive force claim arising from the circumstances of her arrest. Plaintiff alleges that the police officers placed handcuffs on her too tightly and failed to respond adequately when she complained that the restraints were too tight. Plaintiff contends that the officers' conduct violated her Fourth Amendment rights. She further alleges that the officers failed to take appropriate action in response to her complaints concerning the restraints.

### IV. Claims Against the City of New York and Other Defendants

Plaintiff brought claims against the involved individuals and the City of New York pursuant to 42 U.S.C. § 1983. Plaintiff asserted that the alleged constitutional violations were connected to municipal policies, practices, customs, or failures in training and supervision. Plaintiff sought to hold the City liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), based on the allegations in her Amended Complaint. Plaintiff also asserted related claims under New York State law and the New York City Administrative Code. These claims included allegations concerning the conduct of shelter staff/personnel and the circumstances surrounding her arrest.

### V. Proceedings in the District Court

Plaintiff filed an Amended Complaint in the United States District Court for the Southern District of New York asserting federal civil rights claims and related state and local law claims. Defendants moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motion to dismiss, arguing that the allegations in her Amended

Complaint sufficiently stated claims for federal relief. Plaintiff disputed Defendants' arguments for dismissal and requested leave to amend if the District Court determined that additional allegations were necessary.

On April 30, 2026, the District Court dismissed all claims with prejudice against Defendant NYPD, and many other claims with prejudice stating they are not appropriate cause of action. The decision also declines to assert jurisdiction over state law claims thus dismissing some of Plaintiff's causes of action without prejudice. Plaintiff now seeks appellate review of the dismissal of her claims and requests that the decision be reversed or vacated and the action remanded for further proceedings.

## SUMMARY OF THE ARGUMENT

The District Court's April 30, 2026 decision dismissed all claims against the New York City Police Department (NYPD) with prejudice, dismissed the first, second, third, fourth, seventh, and eighth causes of action with prejudice, dismissed the fifteenth and sixteenth causes of action alleging "transitional homelessness" and "chronic homelessness with prejudice, and decline to exercise supplemental jurisdiction over the remaining state-law claims. Plaintiff respectfully seeks appellate review of these rulings.

First, Plaintiff contends that the dismissal of federal civil rights claims with prejudice was improper to the extent the allegations in her Amended Complaint plausibly stated claims for relief under 42 U.S.C. § 1983. At the pleading stage, the Court was required to accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007); *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). Plaintiff alleged that she was arrested for trespassing while residing at Harmonia. Shelter staff/personnel

provided false/misleading information contributing to her arrest, and that police officers used excessively tight handcuffs while failing to respond adequately to her complaints. These allegations should have been evaluated under the governing legal standards for false arrest and excessive force.

Second, Plaintiff challenges the dismissal of her claims against the NYPD and the dismissal of her municipal liability claims, to the extent those claims were rejected on grounds inconsistent with the applicable law. Plaintiff recognizes that the NYPD's capacity to be sued is governed by New York City law and that municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), requires a plausible connection between an actionable constitutional violation and a municipal policy or custom. Plaintiff seeks review of whether the District Court properly applied these principles to the allegations in the Amended Complaint, and whether any viable claims against the City of New York were separately and correctly evaluated.

Third, Plaintiff challenges the dismissal with prejudice of the fifteenth and sixteenth causes of action, identified as "transitional homelessness" and "chronic homelessness." Plaintiff acknowledges that a condition or status does not necessarily constitute an independent cause of action. Nevertheless, to the extent these allegations described, the circumstances underlying her claims or supported relief under an applicable legal theory, Plaintiff requests review of whether dismissal with prejudice was warranted and whether amendment should have been permitted.

Fourth, the District Court declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing the fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and seventeenth causes of action without prejudice. Plaintiff requests review of the District Court's treatment of the federal claims and the resulting decision concerning supplemental jurisdiction. If

the dismissal of the federal claims is reversed and a federal claim remains viable, the Court of Appeals may consider whether the District Court's decision to decline supplemental jurisdiction should also be reconsidered on remand.

Finally, Plaintiff seeks review of whether she should have been afforded an opportunity to amend her Complaint, to the extent she properly requested leave to amend and amendment would not have been futile or improper under Federal Rule of Civil Procedure 15(a)(2).

For the reasons stated above, Plaintiff respectfully requests that this Court review the District Court's April 30, 2026 decision, reverse or vacate the dismissal to the extent the District Court committed reversible error, and remand the action for further proceedings consistent with this Court's decision.

## ARGUMENT

## POINT I

## THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S CLAIMS SHOULD BE REVIEWED UNDER THE APPLIABLE PLEADING STANDARDS

The District Court dismissed the first, second, third, fourth, seventh, and eighth causes of action with prejudice. Plaintiff respectfully submits that those dismissals should be reviewed to determine whether the District Court properly applied the pleading standards governing claims brought under 42 U.S.C. § 1983 and the other federal laws invoked in the Amended Complaint. A district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. See, *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020). Under this standard, the Court of Appeals independently determines whether the complaint states a plausible claim for relief. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007) and *Ashcroft*

*v. Iqbal*, 556 U.S.662, 678 (2009), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. The Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor.

Plaintiff alleged that she was arrested for trespassing while residing at Harmonia, and due shelter staff/personnel providing law enforcement with falsified/misleading documentation contributed to her arrest. Plaintiff further alleged that police officers applied excessively tight handcuffs and failed to respond adequately to her complaints concerning the restraints. Plaintiff maintains that these allegations must be evaluated under the legal standards applicable to false arrest, unreasonable seizure, and excessive force. To the extent the District Court dismissed any of these claims despite sufficient factual allegations establishing the elements of a recognized cause of action, reversal or vacatur would be warranted.

Plaintiff therefore requests this Court examine the District Court's stated grounds for dismissal and determine whether the Amended Complaint plausibly alleged violations of rights protected by federal law.

## POINT II

### THE DISTRICT COURT SHOULD HAVE EVALAUATED PLAINTIFF'S FALSE ARREST CLAIM UNDER THE FOURTH AMENDMENT AND THE APPLICABLE PROBABLE-CAUSE STANDARDS

Plaintiff alleged that she was arrested for trespassing while residing at Harmonia. She contends that the circumstances of her residence and the information provided by shelter staff/personnel were relevant to whether the arrest was supported by probable cause. A false arrest claim under 42 U.S.C. § 1983 is generally evaluated under the Fourth Amendment and the

elements of false arrest under New York law. Probable cause is a complete defense to a false arrest claim. See *Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999).

Plaintiff alleged that shelter staff/personnel supplied false/misleading documents to law enforcement concerning the alleged trespass. If adequately pleaded and supported by the record, such allegations may be relevant to whether the officers had probable cause and whether any Defendant may be liable for the alleged constitutional violation. Plaintiff does not contend that residence in a shelter automatically prevents an arrest for trespassing. Rather, the question is whether the facts alleged in the Amended Complaint considered under the governing legal standards, plausibly established that the arrest was unlawful. Plaintiff respectfully requests that this Court review the District Court's analysis of the false arrest allegations and determine whether dismissal was legally justified.

## POINT III

## PLAINTIFF'S EXCESSIVE FORCE CLAIM SHOULD BE EVALUATED UNDER THE FOURTH AMAENDMENT'S OBJECTIVE-REASONABLENESS STANDARDS

Plaintiff alleged that officers placed handcuffs on her too tightly and failed to respond adequately to her complaints about the restraints. The Fourth Amendment prohibits the use of objectively unreasonable force during an arrest. Whether handcuffing constitutes excessive force depends on the circumstances (including the nature and degree of the injury), the duration of the restraint, and whether the officers were aware of and disregarded complaints concerning the handcuffs.

In *Crawford v. City of New London*, U.S. District Court for the District of Connecticut, Civil No. 3:11cv1371 (JBA), the Second Circuit addressed the requirements for an excessive force

claim involving handcuffing. The sufficiency of such a claim depends on the facts alleged and the applicable legal standards. Plaintiff contends that her allegations concerning the tightness of the handcuffs and the officers' response to her complaints should have been assessed in their factual context. To the extent the District Court rejected a sufficiently pleaded claim without properly applying the objective-reasonableness standard. Plaintiff requests reversal or vacatur of that ruling.

## POINT IV

### THE DISMISSAL OF PLAINTIFF'S MUNICIPAL LIABILITY CLAIM SHOULD BE REVIEWED UNDER MONELL AND ITS PROGENY

Plaintiff asserted municipal liability against the City of New York under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A municipality cannot be held liable under 42 U.S.C. § 1983 solely because it employs a person who allegedly violated the Constitution. A plaintiff must plausibly allege that a municipal policy, custom, or practice caused the constitutional injury. See *Monell*, 436 U.S. at 690-694.

Plaintiff contends that the allegations in her Amended Complaint concerning municipal policies, practices, customs, or failures in training or supervision should have been considered under this standard. The relevant question is whether the allegations plausibly connected an actionable constitutional violation to a municipal policy or custom, rather than merely alleging that the City employed the officers involved. Plaintiff requests that this Court examine the District Court's stated reasons for rejecting the municipal liability claim and determine whether the allegations were evaluated under the correct legal standard.

To the extent the District Court dismissed claims against the NYPD because it lacks a separate capacity to be sued under the New York City law, Plaintiff recognizes that this issue is

distinct from whether a properly pleaded claim may proceed against the City of New York itself. Plaintiff seeks review of any separately appealable ruling dismissing a viable claim against the City, rather than relying solely on the NYPD's status as a municipal agency.

## POINT V

## THE DISTRICT COURT'S DISMISSAL WITH PREJUDICE OF THE FIFTEENTH AND SIXTEENTH CAUSES OF ACTION SHOULD BE REVIEWED IN LIGHT OF THE UNDERLYING ALLEGATIONS AND THE OPPORTUNITY TO AMEND

The District Court dismissed the fifteenth and sixteenth causes of action, identified as "transitional homelessness" and "chronic homelessness", with prejudice o the ground that they were not appropriate causes of action. Plaintiff acknowledges that identifying a personal condition or status does not (by itself) necessarily establish an independent legal cases of action. However, to the extent the allegations concerning homelessness described the circumstances underlying Plaintiff's claims or supported relief under a recognized legal theory. Those allegations should be distinguished from the question of whether the labels themselves constituted independent causes of action.

Plaintiff requests this Court review whether the District Court properly considered the substance of the allegations and whether dismissal with prejudice was warranted under the circumstances. Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires. A court may deny leave where amendment would be futile, but the decision must be evaluated under the applicable legal standards. See *Forman v. Davis*, 371 U.S. 178, 182 (1962). To the extent Plaintiff properly requested leave to amend and the record supports a conclusion that amendment could cure an identified pleading deficiency.

Plaintiff requests that the dismissal with prejudice be vacated and that the matter be remanded for consideration of the appropriate relief.

## POINT VI

## THE DISTRICT COURT'S DECISION TO DECLINE SUPPLEMENTAL JURISDICTION SHOULD BE RECONSIDERED IF A FEDERAL CLAIM IS REINSTATED

The District Court dismissed the fifth, sixth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and seventeenth causes of action without prejudice after declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. Under 28 U.S.C. § 1367(a), a federal district court generally has supplemental jurisdiction over state-law claims that are related to claims within its original jurisdiction that they form part of the same case, or controversy under Article III of the United States Constitution.

Section 1367(c) permits a district court to decline supplemental jurisdiction in specified circumstances, including when all claims over which it has original jurisdiction have been dismissed. The decision whether to exercise supplemental jurisdiction is generally reviewed for abuse of discretion. Plaintiff recognizes that the District Court was permitted to decline supplemental jurisdiction after dismissing the federal claims. Nevertheless, if this Court reverses or vacates the dismissal of one or more federal claims, the basis for declining supplemental jurisdiction may change.

Accordingly, Plaintiff requests that if a federal claim is reinstated, the Court of Appeals remand the matter for the District Court to reconsider the exercise of supplemental jurisdiction over the related state-law claims. Plaintiff further recognizes that the state-law claims were

dismissed without prejudice and were not adjudicated on their merits by the challenged jurisdictional ruling.

## POINT VII

## THE DISTRICT COURT'S DISMISSAL OF THE AMENDED COMPLAINT SHOULD BE VACATED TO THE EXTENT REVERSIBLE ERROR IS ESTABLISHED

Plaintiff respectfully submits that the District Court's dismissal of the Amended Complaint should be reviewed claim by claim and under the applicable standard of review. The questions presented include whether the Amended Complaint sufficiently alleged constitutional violations; whether the municipal liability claim was properly evaluated; whether the homelessness-related causes of action were appropriately dismissed with prejudice; and whether Plaintiff should have been afforded leave to amend any curable deficiencies. Plaintiff does not ask this Court to accept unsupported conclusions or to impose liability merely because an arrest occurred. Rather, Plaintiff seeks review of whether the District Court applied the correct legal standards to the factual allegations and whether its stated grounds support dismissal with prejudice.

For the foregoing reasons, Plaintiff respectfully requests that this Court reverse or vacate any challenged ruling that constitutes reversible error and remand the matter for further proceedings consistent with the Court's decision.

## CONCLUSION

For the foregoing reasons, Plaintiff-Appellant respectfully requests that this Court reverse or vacate the April 30, 2026 decision of the United States District Court for the Southern District of New York to the extent the Court committed reversible legal error in dismissing Plaintiff's claims. Plaintiff further requests that this Court remand the matter of the District Court for further

proceedings consistent with its decision, including reconsideration of any federal claims found to have been improperly dismissed and reconsideration of supplemental jurisdiction over the related state-law claims.

To the extent the dismissal with prejudice of any claim was improper and amendment would not be futile, Plaintiff respectfully requests that the District Court be permitted to consider whether leave to amend should be granted in accordance with Federal Rule of Civil Procedure 15(a)(2). Plaintiff seeks such other and further relief as this Court deems just and proper.

Respectfully submitted,

Mercy Wellington, Pro Se
Plaintiff-Appellant

**CERTIFICATE OF COMPLIANCE**

I, Mercy Wellington, certify that this brief contains 14,000 words or less.

MERCY WELLINGTON, Pro Se
Plaintiff-Appellant

**United States Court of Appeals for the Second Circuit**

CAPTION:

Mercy Wellington v.

City of New York

et al.

**CERTIFICATE OF SERVICE**

Docket Number: 26-1448

I, Mercy Wellington (name), hereby certify under penalty of perjury that on 10/13/2026 (date), I served a copy of Plaintiff-Appellant Brief

(list all documents)

RECEIVED
2026 OCT 13 PM 3:48
CLERK'S OFFICE
U.S. COURT OF APPEALS
COUNTER 1

by (select all applicable)*

- ✓ United States Mail
- ___ Federal Express
- ___ Overnight Mail
- ___ Facsimile
- ___ E-mail
- ___ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
| --- | --- | --- | --- | --- |
| Brian David Ginserg | 445 Hamilton Ave | White Plains | Ny | 10601 |
| Chloe Moon | 100 Church Street | New york | Ny | 10007 |
| Marina Plotkin | 100 Wall Street | New york | Ny | 10005 |
| | | | | |

10/13/2026
Today's Date

[signature]
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party